SLOVER v. GOODE.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 20, 1913. Rehearing Denied Jan. 31,. 1914.)

1. TRIAL (§ 260*) — INSTRUCTIONS — CURE BY OTHER INSTRUCTIONS — BREACH OF WARRANTY.

In an action on a warranty of soundness of a mule, an omission to instruct that for a verdict for plaintiff there should be a finding that defendant made the alleged representations was cured by defendant's special instruction that the jury could not render judgment for plaintiff unless it found that defendant, at the time of the sale, made a "direct, positive, and unqualified statement to plaintiff that the mule was sound."

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. TRIAL (§ 296*) — INSTRUCTIONS — CURE OF ERROR.

Even if defendant's representation as to the value of a mule was a mere matter of opinion, a charge authorizing a verdict for plaintiff if the jury found the mule not worth the money paid for it by plaintiff was not reversible error, where it was also charged that a verdict was not authorized thereby without a finding that defendant, not only made this representation, but also falsely alleged that the mule was sound.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CURED BY SPECIAL CHARGE.

Any error in a charge authorizing a recovery for plaintiff "regardless of defendant's knowledge" of the unsoundness of a mule, where defendant's contention was that his statement at the sale was "that the mule was sound so far as I knew," was corrected by defendant's special charge "that a statement that the mule was sound so far as he knew would not be sufficient to constitute" the warranty alleged.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. APPEAL AND ERROR (§ 1003*)—CONFLICTING EVIDENCE.

Where there was some evidence to sustain a finding that the seller of a mule knew that it was unsound, the verdict cannot be disturbed on appeal because the preponderance of the ev-

idence was the other way; the weight of the evidence being for the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Appeal from Wise County Court; E. M. Allison, Judge.

Suit by R. F. Goode against Tom Slover. Judgment for plaintiff, and defendant appeals. Affirmed.

R. E. Carswell, of Decatur, and H. E. Lobdell, of Bridgeport, for appellant. Ford & Ratliff and J. V. Patterson, both of Decatur, for appellee.

CONNER, C. J. Appellee sued for the sum of $110 in the justice's court, alleging the breach of a warranty of the soundness of a mule which appellee had purchased from appellant. The verdict and judgment in the justice's court was in appellee's favor, whereupon appellant appealed to the county court. In the county court appellant again suffered an adverse verdict and judgment, the judgment being for the sum of $75, and this appeal has been prosecuted.

[1] In the first and fourth assignments of error complaint is made of the court's charge on the ground that a verdict was authorized, without a finding that appellant had in fact made the alleged representations as to the soundness of the mule. The charge does seem subject to this criticism, but the error was one of omission, and seems to have been entirely cured by appellant's special charge No. 3, which the court gave. In this special charge the jury were instructed, among other things, that a verdict for appellee could not be rendered unless the jury found "from a preponderance of the evidence that defendant at the time of the sale made a direct, positive, and unqualified statement to plaintiff that the mule was sound."

[2] In the second assignment the charge is complained of as authorizing a verdict in event the jury found the mule not worth the money appellee paid for it; the contention being that a representation of value, if made, was but an opinion, which would not authorize a recovery. It it be conceded, however, that appellant's representation as to the value of the mule is to be construed as a mere matter of opinion, yet the charge is not reversibly erroneous, for the reason that a verdict was not authorized thereby, without a finding that appellant not only made this representation, but also made the false representation, as alleged, that the mule was sound.

[3] In the third assignment the charge is objected to on the ground that it authorized a recovery "regardless of whether or not the defendant knew" of the unsoundness of the mule; it being appellant's contention that his statement was "that the mule was sound so far as I knew." If it be conceded that the charge was deficient in the respect

here pointed out, it was certainly corrected by the special charges given at appellee's request. In one of them the jury were specifically instructed "that a statement by Slover that the mule was sound so far as he knew would not be sufficient to constitute" the warranty alleged.

[4] The only remaining assignment of error complains of the action of the court in overruling defendant's motion for new trial upon the ground "that the preponderance of the evidence shows that if the mule was unsound when traded to plaintiff, defendant was ignorant of such unsoundness, and only represented the mule to be sound so far as he knew." It is only necessary to state, in answering this assignment, that appellee and one or more others testified to the unsoundness of the mule; that at the time of the exchange involved appellant made the positive representation that it was sound, and one or more other witnesses testified to circumstances tending to show that appellant knew that the mule was not sound at the time he traded it to appellee. These facts, we think, were properly left to the jury. It is not within our province to determine the weight of the testimony, this being the exclusive function of the jury.

We accordingly overrule all assignments of error, and affirm the judgment.